# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TECHRADIUM, INC., | § | |
| *Plaintiff*, | § § § | |
| v. | § § | NO. 2:09-CV-275-TJW |
| ATHOC, INC., et al., | § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Transfer Venue from the Eastern District of Texas to the Southern District of Texas, Houston Division, and Defendant Reliance Communications, Inc.'s joinder in the Defendants' motion to transfer. [Dkt. Nos. 93 and 109.] After carefully considering the facts and arguments presented by the parties and the applicable law, the Court GRANTS Defendants' motions to transfer.

**I.    BACKGROUND**

This is a patent infringement lawsuit. Plaintiff TechRadium, Inc. ("TechRadium") filed this suit on September 14, 2009 against various defendants (collectively "Defendants") alleging infringement of U.S. Patent Nos. 7,130,389, 7,496,183, and 7,519,165 (together, the "patents-in-suit"). Plaintiff is located in the Southern District of Texas, and at least four of the five named inventors on the patents-in-suit reside in the Southern District of Texas. Three of the defendants have their principal places of business in California, three of the defendants have their principal places of business in New York or New Jersey, and the other defendants are located in Louisiana, Missouri, Utah, North Carolina, and Ohio. None of the defendants have a physical location or any employees in the Eastern District of Texas, while it is alleged that one of the

1

defendants has a physical office in the Southern District of Texas. Prior to filing this action, on August 4, 2009 TechRadium asserted the very same patents that are at issue in this case in the Southern District of Texas, Houston Division. *See TechRadium, Inc. v. Twitter, Inc.*, Case No. 4:09-cv-2490 (S.D. Tex.). That prior-filed case is procedurally further along than this case. Pursuant to the scheduling order in that case, the parties are in the process of claim construction discovery and briefing, with a combined claim construction and summary judgment hearing scheduled for September 2010. In addition, in May of 2008, TechRadium filed a lawsuit in this district against BlackBoard that asserted patent infringement of only one of the patents-in-suit. *See TechRadium, Inc. v. Blackboard Connect Inc. et al.*, Case No. 2:08-cv-214 (E.D. Tex.). After entering a docket control order in that case, the Court dismissed the case pursuant to a joint stipulation by the parties.

## II.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), *quoting Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc*., 545 F.3d 304 (5th Cir. 2008) (en banc). The Court ruled that "§ 1404(a) venue transfers may be granted 'upon a lesser showing of inconvenience' than *forum non conveniens* dismissals" and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (*citing*

*Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that the moving party bears the burden of showing "good cause," which the Court explained is satisfied when "the movant demonstrates that the transferee venue is clearly more convenient." *Id*. at 315.

The Court noted, however, that the relevant factors to be considered in ruling on a § 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (*citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* at 315. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (*citing In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id*. (*citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). In *Volkswagen*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *Id*. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id*.

### III. DISCUSSION

There is no dispute that this case could have been filed in the Southern District of Texas. As demonstrated below, the Court has reviewed the factors that must be considered and weighed

3

to determine a ruling on the motion to transfer venue. The Court finds that, based upon the factors analyzed below, transfer is appropriate.

1. **Private Factors**

   a. **Convenience of the parties and witnesses and costs of attendance for witnesses**

The Court will first assess the convenience of the parties involved. Plaintiff filed suit in the Marshall Division of the Eastern District of Texas. Plaintiff is located in the Southern District of Texas. Three of the defendants have their principal places of business in California, three of the defendants have their principal places of business in New York or New Jersey, and the other defendants are located in Louisiana, Missouri, Utah, North Carolina, and Ohio. None of the defendants have a physical location or any employees in the Eastern District of Texas, while it is alleged that one of the defendants has a physical office in the Southern District of Texas. The Court finds that the Southern Division of Texas would be more convenient to the parties than this District.

Next, the Court considers the convenience of witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen*, 371 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* None of the parties have identified any likely witnesses that reside in the Eastern District of Texas. On the other hand, at least four of the five named inventors on the patents-in-suit reside

in the Southern District of Texas. Further, witnesses from the Plaintiff are likely to be located in the Southern District of Texas. As with the convenience of the parties, the Court finds that the Southern Division of Texas would be more convenient to the parties' witnesses than this District.

Therefore, this factor favors a transfer of this case.

### b. The relative ease of access to sources of proof

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. The majority of the parties' documents are likely not to be located in the Eastern District of Texas. On the other hand, Plaintiff's documents are likely to be located in the Southern District of Texas. Further, Defendant has identified a third party for prior art purposes which is headquartered in Houston, Texas, which would likely have documents located in the Southern District of Texas. Therefore, the Court finds this factor favors transfer.

### c. The availability of compulsory process to secure the attendance of witnesses

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316. While the parties have identified potential prior art products and patents owned by a company located in the Southern District of Texas, the parties have been unable to specifically identify any third party witnesses over which the Southern District of Texas would have subpoena power and where this Court would not have subpoena power. Therefore, the Court finds this factor is neutral as to transfer.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive

The Court is unaware of any practical problems that would arise from transferring or retaining this case. Therefore, the Court finds this factor is neutral as to transfer.

### 2. Public Interest Factors

#### a. The administrative difficulties flowing from court congestion

Prior to filing this action, on August 4, 2009 TechRadium asserted the very same patents that are at issue in this case in the Southern District of Texas, Houston Division. *See TechRadium, Inc. v. Twitter, Inc.*, Case No. 4:09-cv-2490 (S.D. Tex.). Pursuant to the scheduling order in that case, the parties are in the process of claim construction discovery and briefing, with a combined claim construction and summary judgment hearing scheduled for September 2010. The Court finds that the related Southern District of Texas case is procedurally further along than this case, and that the other court will have substantially more understanding of the patents-in-suit, prior art, and technology prior to this Court. Further, the present case has not had yet a status conference. Although TechRadium was involved in a prior lawsuit in this Court with one of the patents-in-suit, there was no substantial briefing to or involvement by this Court on the patents-in-suit prior to its dismissal. Therefore, the Court finds this factor favors transfer.

#### b. The local interest in having localized controversies decided at home

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. None of the substantive underlying actions in this case occurred in this District. The Plaintiff and at least four of the five inventors of the patents-in-suit are located in the Southern District of Texas. Many relevant documents and witnesses are located in the

Southern District of Texas.  Therefore, the Court finds this factor favors transfer.

### c. The familiarity of the forum with the law that will govern the case

The proposed transferee forum is familiar with the law that could govern this case.  This Court is familiar with that law as well.  Therefore, the Court finds this factor is neutral as to transfer.

### d. The avoidance of unnecessary problems of conflicts with laws

The Court finds that this factor is inapplicable in this transfer analysis.

## IV. CONCLUSION

The Court has carefully reviewed the facts and applicable law regarding Defendants' motion to transfer.  The Court finds, based on the consideration of both private and public interest factors in this case, that the Southern District of Texas is a more convenient forum than this District.  The Court therefore GRANTS Defendants' motion to transfer to the Southern District of Texas, Houston Division.  [Dkt. Nos. 93 and 109.]

It is SO ORDERED.

SIGNED this 29th day of April, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE